RICHARD MESSENGER, Respondent, v. ISAAC MERRITT, Appellant.

**Kansas City Court of Appeals, October 30, 1899.**

**Appellate and Trial Practice:** ISSUE OF FACT: INSTRUCTIONS. Where there is a sharp issue of fact settled by the finding of the lower court and the case is fairly tried, the judgment must be affirmed. .

Appeal from the Andrew Circuit Court.—*Hon. W. S. Herndon,* Judge.

AFFIRMED.

*Booher & Williams* for appellant.

(1) The judgment rendered in the court below was against the evidence, and the weight of the evidence, and should be reversed. (2) The trial court erred in refusing the declarations of law requested by defendant, as they contained the law applicable to the issues and evidence in this case. 19 Am. & Eng. Ency. of Law, p. 1090; Bryant v. Saling, 4 Mo. 522; Strange v. Wilson, 17 Mich. 342; Abel v. Munson, 18 Mich. 306; Cocker v. Mfg. Co., 3 Sumn. (U. S.) 530; Morse v Bellows, 7 N. H. 566; Davis v. Stoughton, 55 Vt.

376; Patton v. Wiggin, 2 Am. Law Reg. (U. S.) 403; Roberts v. Mill Co., 30 Minn. 415; Ellis v. Thompson, 3 M. & W. 445; 29 Am. and Eng. Ency. of Law, p. 870; 2 Addison on Contracts, sec. 874, 876. (3) Under the declaration of law given by the court below, applied to the evidence in this case, the finding should have been for the defendant—appellant herein.

*David Rea* and *J. A. Sanders* for respondent.

(1) The answer admits that plaintiff did the work. The only issues made by the pleadings are: Did plaintiff do the work under the employment set out in plaintiff's petition or did he do it under the contract set out in defendant's answer? No other issue is made by the pleadings, and any declarations of law upon any other issue would be improper. Northrup v. Ins. Co., 47 Mo. 435; Kersey v. Garton, 77 Mo. 647; Newham v. Kenton, 79 Mo. 382; Guinotte v. Ridge, 46 Mo. App. 261. (2) The seventh declaration of law asked for by defendant and given by the court, clearly presented the defense made by defendant in his answer.

GILL, J.—This is a suit for the recovery of the reasonable value of services performed by the plaintiff for defendant in constructing, and superintending the construction of certain stone work in the basement of a house erected by defendant on his farm in Andrew county during the summer of 1897. The petition alleges a verbal contract whereby plaintiff was to work on the building and oversee the stone work, but that no price for the service was agreed upon. Plaintiff alleges that he so worked for the defendant for the period of ninety-four and three-fourths days; that his services were reasonably worth two and a half dollars per day, and that after all the credits were allowed defendant owed him a balance of $178.62. Defendant by answer admitted the employment, but charged that plaintiff undertook the labor of doing the stone work at

the agreed price of sixty-five cents a perch measured in the wall and that this had all been paid.

The issues were tried before the court, sitting as a jury, resulting in a judgment for plaintiff and from which defendant appealed.

I.    An inspection of this record discloses no reasonable ground for reversal.   The substantial, and indeed sole issue between the parties—and the only one made by the pleadings —relates to the nature of the contract under which the work was done.   Both parties agree that plaintiff was to do the work—and that it was done, and well done.   But plaintiff . claims in his petition that no price was fixed, while defendant in his answer sets up that by the terms of the contract he was to pay sixty-five cents a perch.   Evidence was introduced tending to prove and disprove the contention of either party. The court, entrusted with a decision of this conflict, found this issue of fact in favor of plaintiff, and this must end the controversy.   If defendant was right in his contention that he was only to pay sixty-five cents a perch, then clearly he ought to have prevailed, for the evidence satisfactorily shows that he had paid the full amount thus called for.   While on the other hand if no price was fixed by prior agreement of the parties then ample proof was brought forward by plaintiff that he worked for the full number of days charged for and that his services were reasonably worth the gross sum allowed by the court, and for which, less certain credits, he obtained judgment.

Defendant's instructions, numbered from 1 to 6 inclusive, were rightly refused, since they were not pertinent to the issue.   The seventh instruction given by the court at the request of defendant definitely and properly submitted the main defense to the suit.   By it the court declared that "if plaintiff undertook as a stone mason to construct the said cellar and foundation walls for the defendant at sixty-five cents per perch, and that he did said work under said contract,

the plaintiff can not recover, provided the defendant has paid more to the plaintiff and other laborers employed on said work than the work would be worth at 65 cents per perch."

The case was fairly tried and the judgment must be affirmed. All concur.